# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3284 | **DATE** | 11/24/2003 |
| **CASE TITLE** | Truserv vs. Flegles | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
(10) ■ [Other docket entry] Status hearing held and continued to 03/08/04 at 9:00 a.m. For the reasons stated on the attached memorandum opinion, the Court hereby denies defendant's motions to dismiss pursuant to FRCP 12(b)(1), or in the alternative to stay. The Court further denies defendant's motions to dismiss claims against Alice Mae Flegle for lack of personal jurisdiction and to dismiss for lack of venue. All discovery is to be noticed in time to be completed by 02/23/04. All dispositive motions with supporting memoranda, by any party, are to be filed by 03/23/04. All responses to the dispositive motions, if any, are to be filed by 04/06/04. All replies, if any, are to be filed by 04/13/03. Enter Memorandum Opinion.
(11) ■ For further detail see memorandum opinion attached to the original minute order.

| | | | **Document Number** |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | NOV 25 2003 date docketed | |
| ✓ | Docketing to mail notices. The Court handed out copies of the Memorandum Opinion to the parties in open Court. | | 17 |
| | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to Magistrate Judge Schenkier. | | |
| MW | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

TRUSERV CORPORATION )
f/k/a COTTER & COMPANY, )
                      )
          Plaintiff,  )
                      )
     v.               )  No. 03 C 3284
                      )
FLEGLES INC, d/b/a FLEGLES TRUE )
VALUE HOME CENTER and )
ALICE MAE FLEGLE,     )
                      )
          Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) or in the alternative to stay and on Defendants' motion to dismiss claims against Alice Mae Flegle for lack of personal jurisdiction and on Defendants' motion to dismiss for lack of venue. For the reasons stated below we deny all the motions.

## BACKGROUND

Plaintiff Truserv Corporation ("Truserv") is a nationwide hardware store cooperative which supplies goods and services to True Value hardware stores. Truserv's principal place of business is Chicago, Illinois. Defendants Flegles Inc. and Alice Mae Flegle (collectively referred to as "Flegles") operate a True Value hardware and lumber store in

Bardwell, Kentucky. Flegles was a member of Truserv for over twenty years. However, on February 12, 2003, Flegles filed suit against Truserv in Carlisle Circuit Court in Kentucky. Flegles claims that Truserv made fraudulent misrepresentations to Flegles to induce Flegles to continue as a member. Specifically, Flegles alleges that from 1997 to 2000 Flegles relied on misrepresentations made by Truserv in making the decision to greatly expand Flegles' store. Flegles claims that Truserv fraudulently concealed losses of over $131 million. Flegles also claims that Truserv made misrepresentations in order to induce Flegles to forego redemption payments on its member shares. In the Kentucky state court action Flegles is seeking a declaratory judgment, declaring agreements between Truserv and itself null and void thus relieving Flegles of its obligation to pay its debts. Flegles also brought claims of fraud and breach of contract.

After Flegles filed the lawsuit in Kentucky, Truserv terminated Flegles' membership in Truserv. Truserv contends that it provided Flegles with merchandise and services and Flegles has refused to pay for them. Truserv accuses Flegles of manufacturing the misrepresentation claims in order to file the action in Kentucky state court despite the fact that the parties agreed pursuant to a forum selection clause to proceed in Illinois. Truserv also accuses Flegles of adding an additional plaintiff to the Kentucky case that serves no purpose other than to destroy diversity jurisdiction and prevent Truserv from removing the Kentucky case to federal court.

In the Kentucky state court case Truserv moved to dismiss based on a forum selection clause in agreements between Truserv and Flegles. On March 20, 2003, the state court judge denied the motion to dismiss, finding that the forum selection clause is unreasonable and that it should not be enforced. On May 16, 2003, Truserv filed the instant action in which Truserv

seeks to recover for a breach of loan agreements between Truserv and Flegles and seeks to enforce personal guarantees signed by Flegles.

Truserv claims that it provided loans to Flegles and that in "The Application and Agreement for Retail Store Development Fund," which Flegles signed, the agreement provides that it shall be enforced "only in Cook County or any Illinois county contiguous to Cook County, Illinois, and only be interpreted in accordance with the laws of Illinois." Truserv also claims that Flegles signed three separate personal guaranties since 1976 which states that "[i]f suit becomes necessary [Truserv is] authorized to file suit against [Flegles] in any court of competent jurisdiction in the State of Illinois."

Truserv filed the complaint in the instant action alleging claims for breach of contract and account and a breach of personal guarantees claim. Flegles acknowledges that the claims in the instant case are not the same claims brought in the Kentucky case, but Flegles contends that the claims in the instant case are considered compulsory counterclaims in the Kentucky case. The instant case and the Kentucky case both involve the member agreement between Truserv and Flegles. However, in the instant case Truserv also bases its claims on the above mentioned guaranties. Truserv is also bringing suit in the instant case against the guarantor, Alice Mae Flegle, who is not a party in the Kentucky case. In addition Truserv argues that the Kentucky case will not resolve the issues in the instant case because even if the Kentucky court found that Truserv made fraudulent misrepresentations, Flegles would not be entitled to keep the goods and services provided by Truserv without paying for them and the guarantor would still be liable to Truserv. Flegles has filed a motion to dismiss or in the alternative to stay proceedings in this case and Flegles argues that this court should decline to exercise its jurisdiction based on the

3

doctrines of abstention and comity in light of the prior proceedings in Kentucky state court.

## LEGAL STANDARD

For a 12(b)(1) motion to dismiss a court must accept as true all "well-pleaded factual allegations in the complaint." *Transit Exp., inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). The court must also draw all reasonable inferences in the favor of the movant. *Id.* When a 12(b)(1) motion is based upon the existence of a parallel state court action and the movant seeks abstention, in deciding the motion to dismiss the court can look beyond the pleadings and examine the proceedings in the state court. *Beres v. Village of Huntley*, 824 F.Supp. 763, 766 (N.D. Ill. 1992).

## DISCUSSION

Flegles argues that this court should grant the motion to dismiss or stay the proceedings in this action based on the doctrine of abstention. A federal court has a "virtually unflagging obligation" to exercise the jurisdiction provided to it by Congress. *AAR Intern., Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 517 (7th Cir. 2001). However, in "exceptional circumstances" a federal court may abstain from hearing a case under the *Colorado River* doctrine and "await the outcome of parallel proceedings as a matter of 'wise judicial administration giving regard to the conservation of judicial resource and comprehensive disposition of litigation.'" *Id.* (quoting *Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc.*, 180 F.3d 896, 898 (7th Cir. 1999) and *Colorado River Water Conservation Dist v. United States*, 424 U.S. 800 (1976)). A federal court can only abstain from hearing a case if there is the

"clearest of justifications" warranting dismissal and if the parallel litigation will be "an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Id.* at 518.

The first requirement for abstention under the *Colorado River* doctrine is that the federal suit and the suit in the other forum be parallel suits. *Finova Capital Corp.*, 180 F.3d at 898. If the suits are parallel the court must consider the following ten factors: "1) whether the first court assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; . . .(4) the order in which jurisdiction was obtained by the concurrent forum[;] . . .(5) whether state or federal law provides the rule of decision; . . . (6) whether the state court proceeding adequately protects the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; [and] (10) the vexatious or contrived nature of the federal claim. *Jacobson v. City of Chicago*, 233 F.Supp.2d 1001, 1007 (N.D. Ill. 2002).

I. Whether the Actions Are Parallel

Actions are considered parallel for the purposes of the *Colorado River* abstention doctrine if "substantially the same parties are litigating substantially the same issues simultaneously in two fora." *Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc.*, 180 F.3d 896, 898 (7th Cir. 1999)(quoting *Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1156 (7th Cir. 1990)). Cases are parallel only if "there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Fofi Hotel Co., Inc. v. Davfra Corp.*, 846 F.Supp. 1345, 1352 (N.D. Ill. 1994). In the Kentucky action Flegles is seeking to have the court declare that the agreements between Truserv and Flegles are null and void. Truserv

5

brought the instant action based on alleged breaches of the guarantees signed by Alice Mae Flegle. Flegles acknowledges that the claims in both suits are not identical but argues that the claims in the instant case arise out of the same relationship between Flegles and Truserv and that Truserv's claims in the instant action are compulsory counterclaims in the Kentucky state court action. We find that the cases are sufficiently related to be considered parallel.

II. Abstention Factors

The first factor to consider under the *Colorado River* abstention doctrine is whether the first court assumed jurisdiction over the property. *Jacobson v. City of Chicago*, 233 F.Supp.2d 1001, 1007 (N.D. Ill. 2002). This factor is not pertinent in this case because the claims mainly seek damages and there is no property directly at issue. The second factor to consider is the inconvenience of the federal forum. Truserv argues that it would be unduly burdensome to force it to come from Kentucky to Illinois to litigate this issue. However, Flegles signed the agreements that contained the forum selection clause. The forum selection clauses were part of the bargained agreement and were included for Truserv's benefit. It would be unfair to allow Flelges to enjoy the benefits of the contract and then allow Flegles to circumvent the provisions, such as the forum selection clauses, which were included for Truserv's benefit. We find that Flegles waived any argument that Illinois is an inconvenient forum by signing the agreements with the forum selection clauses.

The third factor to consider is the desirability of avoiding piecemeal litigation. While we acknowledge that Truserv's claims in the instant action could be considered compulsory counterclaims in the Kentucky state court action, the issues in the cases are not identical or

6

overlapping. Although the issues of both cases could be resolved in one court, the reason that the cases have developed in separate venues is Flegles disregard of the forum selection clause and its race to the courthouse. We will not allow the concern of piecemeal litigation to override the principles of fairness and equity. Were it otherwise, any party seeking to avoid the effect of a forum selection clause could simply files suit first in a venue of its choice and argue that the venue of its choice should hear all claims in order to avoid piecemeal litigation.

The fourth factor to consider is the order in which jurisdiction was obtained by the concurrent forum. The Kentucky state court found that the forum selection clause was null and void and thus exercised jurisdiction prior to this court, however, as indicated above we are not convinced that this factor alone justifies a dismissal or stay of the instant action. The fifth factor to consider is whether state or federal law provides the rule of decision. In the instant case the agreements are governed by Illinois state law and this court, being more familiar with Illinois law, is in a better position to address the Illinois state law issues than the Kentucky state court. The sixth factor to consider is whether the state court proceeding adequately protects the federal plaintiff's rights. The instant case is a diversity action and is based on state law claims and there is no indication that the Kentucky court will not protect any of Truserv's federal rights. The seventh factor to consider is the relative progress of the state and federal proceedings. Flegles acknowledges that the Kentucky state court case is in its initial stages and that discovery has not yet been exchanged. As for the next two factors, there is concurrent jurisdiction and the action cannot be removed to federal court in the Kentucky action due to the joinder of an Illinois plaintiff in the Kentucky action. The tenth factor we must consider is the vexatious or contrived nature of the federal claim. We find no indication that the instant action is vexatious. Truserv

filed its action in Illinois as provided for in the agreements signed by Flegles. The mere fact that Flegles filed suit in the Kentucky state court first does not diminish Truserv's right to sue in Illinois and does not render Truserv's subsequent filing in Illinois vexatious. After considering the above factors we find that it would be improper for us to abstain from hearing this case. Flelges has not shown that exceptional circumstances exist that would warrant us refusing to exercise our jurisdiction or staying proceedings in our court to await the results of the case in the Kentucky state court. We have a heavy obligation to exercise our jurisdiction and we shall honor that obligation.

Flegles also seeks to dismiss all claims against Alice Mae Flegle for lack for personal jurisdiction. Alice Mae Flegle signed several personal guarantees and dealt with Truserv which has its principal place of business in Illinois. Flegles has dealt with Truserv, an Illinois based corporation for over twenty years and has entered into several agreements with Truserv. For these and other reasons we find that there are sufficient contacts with Illinois to support personal jurisdiction. Flegles also argues that venue is improper in this court because no defendant resides in this judicial district. We find that venue is proper.

## CONCLUSION

Based on the foregoing analysis we deny Flegles' motions to dismiss and the motion to stay.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: 11-24-03