# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3284 | **DATE** | 7/21/2004 |
| **CASE TITLE** | Truserv vs. Flegles | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing set for 07/22/04 is reset to 09/28/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion, the defendants' motion for reconsideration is denied. Additionally, plaintiff's motion for summary judgment is granted in part and denied in part. The plaintiff's motion for summary judgment is granted as to Counts I and III and is denied as to Counts II. The plaintiff is given until 08/04/04 to file its brief in support of its request for damages and the defendants are given until 08/18/04 to file their response in opposition and the plaintiff is given until 08/25/04 to file its reply. The Court finds no just reason to delay the appeal with respect to the defendants' motion for reconsideration or on the plaintiff's motion for summary judgment. Therefore, this is a final an appealable order. Enter Memorandum Opinion.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | JUL 2 2 2004 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. Parties picked up copies of Memorandum Opinion. Mail AO 450 form. | | U.S. DISTRICT COURT CLERK | docketing deputy initials | 44 |
| | Copy to judge/magistrate judge. | | 2004 JUL 21 PM 5:27 | | |
| | | | FILED | date mailed notice | |
| MW6 | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TRUSERV CORPORATION <br> f/k/a COTTER & COMPANY, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | No. 03 C 3284 |
| FLEGLES INC, d/b/a FLEGLES TRUE <br> VALUE HOME CENTER and <br> ALICE MAE FLEGLE, | ) <br> ) <br> ) <br> ) | **DOCKETED** |
| Defendants. | ) | JUL 2 2 2004 |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on defendants' Flegles, Inc. and Alice Mae Flegle's (collectively "Defendants") motion for reconsideration. Additionally, before this court is Plaintiff TruServ Corporation's ("TruServ") motion for summary judgment. For the reasons stated below we deny Defendants' motion for reconsideration. TruServ's motion for summary judgment as to Count I and III are granted. In addition, we deny TruServ's motion for summary judgment as to Count II and dismiss Count II as moot.

1

## BACKGROUND

In 1948, TruServ was originally organized under the name Cotter & Company. In 1997, Cotter & Company changed its name to TruServ. Presently, TruServ is a nationwide hardware store cooperative which supplies goods and services to True Value hardware stores ("Members"). TruServ's principal place of business is Chicago, Illinois. Since at least 1976, Flegles, a Kentucky corporation, has owned and operated a TrueValue hardware store in Kentucky. Flegles has been a Member of Cotter & Company and/or TruServ since that time and until February 18, 2003 when TruServ terminated Flegles' membership.

On February 12, 2003, Flegles filed suit against TruServ in Carlisle Circuit Court in Kentucky. Flegles claims that TruServ made fraudulent misrepresentations to Flegles to induce Flegles to continue as a member. Specifically, Flegles alleges that from 1997 to 2000 Flegles relied on misrepresentations made by TruServ in making the decision to greatly expand Flegles' store. Flegles claims that TruServ fraudulently concealed losses of over $131 million. Flegles also claims that TruServ made misrepresentations in order to induce Flegles to forego redemption payments on its member shares. In the Kentucky state court action Flegles is seeking a declaratory judgment, declaring agreements between TruServ and itself null and void thus relieving Flegles of its obligation to pay its debts. Flegles also brought claims of fraud and breach of contract.

After Flegles filed the lawsuit in Kentucky, TruServ terminated Flegles'

membership in TruServ. TruServ contends that it provided Flegles with merchandise and services and Flegles has refused to pay for them. TruServ accuses Flegles of manufacturing the misrepresentation claims in order to file the action in Kentucky state court despite the fact that the parties had an agreement containing a forum selection clause to proceed in Illinois. TruServ also accuses Flegles of adding an additional plaintiff to the Kentucky case that serves no purpose other than to destroy diversity jurisdiction and prevent TruServ from removing the Kentucky case to federal court.

In the Kentucky state court case TruServ moved to dismiss based on a forum selection clause in agreements between TruServ and Flegles. On March 20, 2003, the state court judge denied the motion to dismiss, finding that the forum selection clause is unreasonable and that it should not be enforced.

On May 16, 2003, TruServ filed the instant action in which TruServ seeks to recover for a breach of contract between TruServ and Flegles and also seeks to enforce personal guarantees signed by Alice Mae Flegle.

Previously, Flegles had filed a motion to dismiss or in the alternative to stay proceedings in this case arguing that this court should decline to exercise its jurisdiction based on the doctrines of abstention and comity in light of the prior proceedings in Kentucky state court. On November 24, 2003, in a memorandum opinion, we denied that motion.

Defendants have now filed a motion seeking reconsideration of our November

24, 2003 ruling and request that in the alternative we grant certification for an interlocutory appeal. In addition, TruServ has filed a motion for summary judgment.

**LEGAL STANDARDS**

I. Motion For Reconsideration

A motion for reconsideration may be brought "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Such motions cannot be used as a "vehicle to produce new evidence that could have been" produced earlier" or as a vehicle to reargue the same arguments presented to the court on a prior occasion. *Id.*

II. Motion For Summary Judgment

Summary judgment is appropriate when the record reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial

4

burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case."*Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations or denials in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

### DISCUSSION

I. Motion For Reconsideration

Defendants argue that there is new information that the court was not aware of when it made its ruling on November 24, 2003. Defendants contend that in October

of 2003 Defendants had taken eight depositions and that the parties in the Kentucky action have exchanged extensive amounts of discovery. Defendants argue that a trial is set in the Kentucky proceedings on July 26, 2004 and that the Kentucky proceedings are much further along than the instant proceedings. First of all this information is not a significant alteration of the circumstances that would warrant an alteration of our findings. Secondly, it comes of no surprise that Defendants have sought to move the Kentucky action along as quickly as possible in order to strengthen their argument that all claims should be resolved in Kentucky. It is clear from the record that Defendants engaged in a race to the courthouse in an attempt to nullify the effect of the forum selection clause. Also, the progress of the Kentucky proceedings relates only to one of ten factors to be considered by the court and thus, Defendants' assertion that one factor of ten is a little more in their favor than before is inappropriate at this juncture because motions of reconsideration are reserved for allegations of manifest error of law, which has not occurred here. Defendants have presented arguments regarding the factors we discussed in our November 24, 2003 decision as to the issue of inconvenience of the federal forum. However, all of the arguments either were already presented to the court or should have been presented to the court in conjunction with Defendants' motion to dismiss and therefore are inappropriate for a motion for reconsideration. A motion for reconsideration is not an opportunity to present the same arguments to the court to see if the court will change its findings the second time around. Defendants' arguments on this issue are

overreaching and completely without merit. Defendants again seek to mesh the issues of the instant action with the issues in the Kentucky proceedings. However, the issues are not the same. TruServ does not seek in the instant action to attack the rulings by the Kentucky court in any way. Another factor that we discussed in our earlier decision was in regards to avoiding piecemeal litigation, Defendants offer no new arguments, but simply suggest that we reconsider this factor. Again, Defendants would do well to review the law in regards to the proper reasons for bringing a motion for reconsideration. Such reasons are entirely absent from the briefs presented by Defendants in regards to the instant motion. As we stated in our prior ruling we have an obligation to exercise our jurisdiction and it would be unfair if Defendants were able to race to the Kentucky courthouse, knowing that they agreed to resolve the issues in the instant action outside of Kentucky. In such a context, Defendants' arguments that the claims in the instant action should be resolved in Kentucky for the good of the judicial system in order to avoid piecemeal litigation ring hollow. Defendants have also filed a motion for certification of an interlocutory appeal. However, such motion is moot at this juncture inasmuch as we have granted TruServ's motion for summary judgment and there is now a final appealable judgment.

TruServ has also made a request for an award of costs in connection with responding to the motion for reconsideration. We deny the motion for costs without prejudice. If TruServ wishes to request costs it must do so in a separate and more

7

detailed motion.

II. Motion For Summary Judgment

TruServ has filed a motion for summary judgment. For the reasons stated below, we grant TruServ's motion for summary judgment on Count I and III. In addition, we deny TruServ's motion for summary judgment as to Count II and dismiss Count II as moot.

A. Breach of Contract Claim (Count I)

TruServ maintains that on or about January 20, 2000, TruServ, as a company, and Flegles, as a retail member, entered into a written agreement entitled "Retail Member Agreement with TruServ Corporation an Independent Retailer Cooperative" ("Member Agreement"). (Pl.'s Ex. 1; Pl.'s Rule 56.1 ¶ 9) According to TruServ, the Member Agreement governed the relationship between TruServ and Flegles and allowed Flegles, as a retail member, to purchase merchandise and services from TruServ for amounts stated in the member's statements of accounts ("Members Statements") for Flegles. According to the terms of the Member Agreement, it was agreed to by TruServ and Flegles that Illinois law would govern the Member Agreement. (Pl.'s Ex. 1; Pl.'s Rule 56.1 ¶ 12). TruServ contends that Flegles has breached the Member Agreement.

To establish a claim for breach of contract under Illinois law, a plaintiff must

8

establish that: (1) a valid and enforceable contract existed, (2) the plaintiff performed on the contract, (3) the defendant breached the contract; and (4) a resulting injury to the plaintiff occurred. *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001).

### 1. Valid and Enforceable Contract

Under Illinois law, a valid contract "must contain offer, acceptance, and consideration." *See Voelker v. Porsche Cars North America, Inc.* 353 F.3d 516, 528 (7th Cir. 2003). Defendants have not contested the validity of the Member Agreement, but have instead refused to admit or deny that the Member Agreement governs the relationship between TruServ and Flegles. Defendants have repeatedly stated that "the enforceability of the Member Agreement is subject to the claims asserted in the prior pending Kentucky action." (Def.'s Resp. to Pl.'s Summ. J. p.2; Def.'s Resp. to Rule 56.1 ¶'s 9-12, 24) This court, in a November 24, 2003 Memorandum Opinion, has already found that the issues in the pending Kentucky action and the issues in this case are not identical and are not overlapping. Because Defendants have not properly responded to TruServ's assertion as to the validity of the Member Agreement, the court will construe their responses as admissions that the Member Agreement is valid and enforceable. *See Jankovich v. Exelon Corp.*, 2003 WL 260714, at *5 (N.D. Ill. 2003)(indicating that evasive denials that do not directly oppose an assertion are improper and thus the contested fact is deemed to be

9

admitted pursuant to Local Rule 56.1).

The Member Agreement contains an offer, an acceptance, and adequate consideration inasmuch as the Member Agreement is a signed document that expresses an intention between TruServ and Flegles to enter into an agreement in which Flegles agreed to purchase, and TruServ offered to sell, merchandise and services from TruServ. Therefore, no reasonable trier of fact could find that there is not a valid and enforceable contract between TruServ and Flegles.

### 2. Performance

According to TruServ, while Flegles was a Member, TruServ provided or caused to be provided merchandise and services to Flegles for amounts stated in the Flegles Members Statements. In addition, TruServ also contends that it advanced funds to Flegles by issuing credits to the Flegles Members Statements for the purpose of assisting Flegles to make improvements to its retail store. Defendants admit that TruServ provided and Flegles accepted the merchandise, advances, and services which are the subject of the Members Statements. (Def.'s Resp. to Pl.'s Rule 56.1 ¶ 18) Therefore, no reasonable trier of fact could find that TruServ did not perform its obligations under the Member Agreement.

### 3. Breach

The Member Agreement provides in part: (1) that Flegles is obligated to pay

on the date due all invoices on accounts receivable statements and any other financial obligations to TruServ; and (2) that upon Flegles' termination as a retail member, Flegles agrees to pay immediately all amounts due or to be due from Flegles to TruServ. (Pl.'s Ex. 1; Pl.'s Rule 56.1 ¶'s 10-12)

Defendants acknowledge that TruServ demanded payment from Flegles and submitted a demand letter to Flegles dated November 13, 2002. (Def.'s Resp. to Pl.'s Rule 56.1 ¶ 20). Defendants also admit that Flegles has refused to pay for the merchandise, advances, and services that TruServ provided or caused to be provided. (Def.'s Resp. to Pl.'s Rule 56.1 ¶ 19) On February 18, 2003, TruServ terminated Flegles Membership for nonpayment. Defendants admit that Flegles has refused and continues to refuse to pay TruServ for any debt TruServ alleges Flegles owes. (Def.'s Resp. to Pl.'s Rule 56.1 ¶ 21)

Therefore, no reasonable jury could find that Flegles has not breached the Member Agreement and is not indebted to TruServ.

### 4. Injury

TruServ has not been paid for the merchandise, advances, and services that TruServ provided or caused to be provided to Flegles. Therefore, no reasonable trier of fact could not find that as a result of Flegles breach of the Member Agreement, TruServ has been injured.

Therefore, no reasonable trier of fact could find against TruServ for a claim of

breach of contract under Illinois law. Therefore, we grant the motion for summary judgment on Count I.

### B. Account Stated Claim (Count II)

TruServ moves for summary judgement on Count II of it's Complaint on an account stated claim. An account stated is defined as "an agreement between parties who have had previous transactions that the account representing those transaction is true and the balance stated is correct, together with a promise, express or implied, for the payment of such balance." *Dreyer Med. Clinic, S.C. v. Corral,* 227 Ill.App.3d 221, 226 (Ill. App. Ct. 1992). Under Illinois law, an account stated claim "is merely a form of proving damages for the breach of a promise to pay on a contract" and "cannot be made the instrument to create an original liability." *See id.*(citing *Sexton v. Brach,* 124 Ill.App.3d. 202, 205 (Ill. App. Ct. 1984)) Because an account stated claim is only a form of proving damages and cannot be used to establish liability, the court finds that TruServ's attempt to establish Flegles' liability under an account stated claim is not proper. Therefore, we deny TruServ's motion for summary judgment as to Count II and dismiss Count II as moot.

### C. Breach of Personal Guaranties Claim (Count III)

On March 25, 1976, May 4, 1976, and December 13, 1982, Alice Mae Flegle ("Ms. Flegle") the Guarantor, executed three separate guaranty agreements

("Guaranty Agreements") in favor of Cotter & Company (n/k/a TruServ), the Guaranties. The Guarantee Agreements provide that Illinois law governs the terms of the Guaranty Agreements. In the Guaranty Agreements, Ms. Flegle guaranteed to TruServ the payment "of any indebtedness or balance of any past, present, or future indebtedness...." that Flegles owed to TruServ. (Pl.'s Ex. 7) TruServ maintains that Ms. Flegle has breached her duty as the Guarantor and seeks to enforce the Guarantee Agreements.

### 1. The Guarantee Agreements are valid and enforceable contracts

A guaranty agreement is considered a contract under Illinois law. *See AAR Aircraft & Engine Group, Inc. v. Edwards*, 272 F.3d 468, 470 (7th Cir. 2001)(citing *McLean County Bank v. Browkaw*, 519 N.E.2d 453, 456 (Ill. 1998))(stating that in contracts of guaranty the rules of construction of contracts will generally apply). A valid contract "must contain offer, acceptance, and consideration." *See Voelker*, 353 F.3d at 528. The Guarantee Agreements executed by Ms. Flegle each contain an offer by Ms. Flegle to guarantee the payment of any indebtedness that Flegles may owe to TruServ in consideration for any credit extended by TruServ to Flegles. The Guarantee Agreements clearly include an offer, acceptance, and consideration between the parties. Therefore, no reasonable jury could find that the Guarantee Agreements executed by Ms. Flegle in favor of TruServ are not valid and enforceable contracts.

13

## 2. Ms. Flegle's Liability Under the Guarantee Agreement

Guaranty agreements should be "[i]nterpreted in accordance with their clear and unambiguous meaning." *Chrysler Credit Corp. v. Marino,* 63 F.3d 574, 577 (7th Cir. 1995). The Guarantee Agreements executed by Ms. Flegle guaranteed to TruServ the payment "of any indebtedness or balance of any past, present, or future indebtedness . . . ." that Flegles may owe to TruServ. Ms. Flegle argues that there is an issue as to what debt obligations she is liable for under the Guarantee Agreements. However, Ms. Flegle's argument is without merit because the unambiguous and plain language of the Guaranty Agreements state that Ms. Flegle guarantees the payment of "any indebtedness" that Flegles may owe to TruServ. *See id.*(rejecting arguments made by a defendant that were designed to "subvert the guaranty's clear meaning"); *see also Much v. Pacific Mut. Life Ins. Co.,* 266 F.3d 637, 643 (7th Cir. 2001)(explaining that the plain language of a contract will control where no ambiguity exists). Therefore, no reasonable jury could find that under the Guarantee Agreements executed by Ms. Flegle, Ms. Flegle is not liable for any indebtedness Flegles may owe to TruServ.

In Illinois, a guarantor "[i]s not discharged unless the essentials of the original contract have been changed and the performance required of the principal is materially different from that first contemplated." *See Grundstad v. Ritt,* 166 F.3d 867, 870 (7th Cir. 1999)(citing *Essex International v. Clamage,* 440 F.2d 547, 550 (7th Cir. 1971). When Ms. Flegle entered into the Guarantee Agreements she

guaranteed the payment of any indebtedness that Flegles may owe to TruServ in consideration for any credit extended by TruServ to Flegles. In this case, we earlier concluded that no reasonable trier of fact could find that Flegles is not indebted to TruServ. In addition, the essentials of the Member Agreement and the performance required by Flegles under the Member Agreement are not materially different from what Ms. Flegle guaranteed when she originally executed the Guarantee Agreements. Therefore, no reasonable jury could find that Ms. Flegle, as the Guarantor, is not liable for Flegles' indebtedness to TruServ based upon the Guarantee Agreements she executed.

### 3. Breach of Guaranty Agreement

TruServ, in accordance with the Guarantee Agreements, demanded payment from Ms. Flegle as Guarantor. (Def.'s Resp. to Pl.'s Rule 56.1 ¶ 36) Ms. Flegle has failed to pay TruServ for Flegles' debt to TruServ. Therefore, no reasonable jury could find that Ms. Flegle has not breached her duty as a Guarantor under the Guarantee Agreements.

Therefore, we grant the motion for summary judgment on Count III.

## CONCLUSION

Based on the foregoing, we grant TruServ's motion for summary judgment on Count I and III. In addition, we deny TruServ's motion for summary judgment as to

15

Count II and dismiss Count II as moot.

TruServ has sought damages in the sum of $78,627.04 plus costs, interest, and attorneys' fees. However, the parties have not sufficiently briefed the damages issue including any applicable setoffs, attorneys' fees, and costs. Therefore, we order TruServ to submit a brief in support of its request for damages on or before August 4, 2004. Defendants are ordered to submit their answer brief on or before August 18, 2004. TruServ is ordered to submit its reply on or before August 25, 2004.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 21, 2004