


# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3284 | **DATE** | 9/28/2004 |
| **CASE TITLE** | Truserv vs. Flegles | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, plaintiff's request for damages is granted as follows: Damages are awarded in the amount of $77,149.27, $5,143.28 in prejudgment interest, $50,374.50 in attorney's fees and $10,879.72 in costs, totaling $143,546.77. All pending dates and motions are hereby stricken as moot. Terminating case. This is a final an appealable order. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 29 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. Memorandum opinion distributed in open Court. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| MW6 | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TRUSERV CORPORATION<br>f/k/a COTTER & COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>FLEGLES INC, d/b/a FLEGLES TRUE<br>VALUE HOME CENTER and<br>ALICE MAE FLEGLE,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 03 C 3284 |

DOCKETED
SEP 29 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff TruServ Corporation's ("TruServ") request for damages from defendants Flegles, Inc. and Ms. Alice Mae Flegles (collectively "Defendants"). For the reasons stated below, we rule in favor of TruServ against Defendants and award $77,149.27 in damages, $5,143.28 in prejudgment interest, $50,374.50 in attorney's fees, and $10,879.72 in costs, totaling $143,546.77.

## BACKGROUND

On or about January 20, 2000, TruServ, as a company, and Flegles, Inc.

1



("Flegles"), as a retail member, entered into a written agreement entitled "Retail Member Agreement with TruServ Corporation an Independent Retailer Cooperative" ("Member Agreement"). The Member Agreement governed the relationship between TruServ and Flegles and allowed Flegles, as a retail member, to purchase merchandise and services from TruServ for amounts stated in the member's statements of accounts ("Members Statements") for Flegles. According to the terms of the Member Agreement, it was agreed to by TruServ and Flegles that Illinois law would govern the Member Agreement. On February 18, 2003, pursuant to the Member Agreement TruServ terminated Flegles as a member for nonpayment of outstanding debt owed to TruServ.

On May 16, 2003, TruServ filed a three count complaint against Defendants in this court. In Count I, TruServ contended that Flegles breached the Member Agreement. In Count II, TruServ contended that Flegles was liable pursuant to the Member Agreement for an account stated claim. In Count III, TruServ contended that Ms. Alice Mae Flegle ("Ms. Flegle") breached three separate guaranty agreements ("Guaranty Agreements") that she executed which guaranteed to TruServ the payment "of any indebtedness or balance of any past, present, or future indebtedness...." that Flegles owed to TruServ. TruServ moved for summary judgment on all counts.

On July 21, 2004, in a memorandum opinion, we granted TruServ's motion for summary judgment on Counts I and III. In addition, we denied TruServ's motion for summary judgment as to Count II and dismissed Count II as moot. Because at summary judgment the parties had not sufficiently briefed the damages issue, including any applicable set-offs, attorney's fees, and costs, we ordered the parties to submit briefing on damages.

## DISCUSSION

I. Contract Damages

On May 16, 2003, TruServ requested damages from Defendants for breach of contract in the amount of $78,627.04, exclusive of interest, costs, and attorney's fees. The $78,627.04 amount was based on a May 1, 2003 TruServ Members Statement for Flegles. Pl.'s Ex. A. Since that time, TruServ, in accordance with the Member Agreement, has applied amounts owed to Flegles. These amounts include credits for merchandise applied to Flegles' account balance and services, as well as notes payable by TruServ to Flegles which have now become due since Flegles' termination as a member. On March 1, 2004, TruServ issued a new Members Statement for Flegles that reflected these new amounts applied, with a reduced balance of $78,174.81 owed to TruServ. Pl.'s Ex. A. Additionally, the Members

3

Statement dated March 1, 2004 contained a detailed list of the transactions between TruServ and Flegles, along with a clearly itemized account of the amount owed to TruServ by Flegles for any and all of the merchandise, advances, and services that TruServ provided or caused to be provided for Flegles.

Defendants argue that the $78,174.81 stated in the March 1, 2004 Members Statement should also credit Flegles with a $1,025.54 patronage dividend check ("Dividend Check") that TruServ sent to Flegles, but that Flegles returned to TruServ without cashing. There is no dispute that the $1,025.54 reflected in the Dividend Check belongs to Flegles. The court notes that TruServ has already applied other amounts and credits owed to Flegles which have become due since Flegles termination as a member. TruServ did not exercise its right under the Member Agreement to place a lien on the patronage dividend, but instead mailed the dividend check to Flegles which was then returned to TruServ. Under these facts, there is no reason whatsoever that the $1,025.54 should not also be applied as a credit. Therefore, we find that as a result of Flegles' breach of the Member Agreement, TruServ has been damaged in the amount of $77,149.27.

## II. Prejudgment Interest, Attorney's Fees, and Costs

TruServ maintains that pursuant to the Member Agreement, it is entitled to

prejudgment interest, attorney's fees, and costs. We agree. The Member Agreement provides:

> "In the event that the Company initiates proceedings to recover amounts due it by Member or for any *breach* of this agreement to seek equitable or injunctive relief against the Member, the Company shall be entitled to the recovery of all *associated costs, interest*, and *reasonable attorney's fees*." (emphasis added)

Pl.'s Ex. A.

### A. Prejudgment Interest

TruServ and Flegles agree that under Illinois law, prejudgment interest applies at the rate of 5% per annum as prescribed by the Illinois Interest Act. 815 ILCS 205/2. Specifically, 815 ILCS 205/2 provides:

> Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment. In the absence of an agreement between the creditor and debtor governing interest charges, upon 30 days' written notice to the debtor, an assignee or agent of the creditor may charge and collect interest as provided in this Section on behalf of a creditor.

815 ILCS 205/2.

Further, under Illinois law, in order for a court to award prejudgment interest, the actual amount due must be a "liquidated amount or subject to easy computation."

5

*Ameritech Information Systems, Inc. v. Bar Code Resources, Inc*, 331 F.3d 571, 575 (7th Cir. 2003).

We have found that the actual amount of damages as a result of Flegles' breach is $77,149.27. TruServ terminated Flegles as a member on February 18, 2003 for breach of the Member Agreement. Defendants argue that TruServ has already charged Flegles interest as a "service charge" on the amount due from the date Flegles was terminated up to and including March 14, 2003. TruServ has not disputed this contention. Accordingly, Flegles should not be charged prejudgment interest for that period prior to March 14, 2003. As such, TruServ is entitled to prejudgment interest on the amount of $77,149.27 from March 14, 2003 until July 21, 2004, the date of entry of judgment in this action. *See Ameritech*, 331 F.3d at 575(stating that statutory interest, under Illinois law, "can be recovered at the discretion of the court "). Therefore, in applying the rate of 5% to $77,149.27, we find that TruServ is entitled to $5,143.28 in prejudgment interest.

### B. Attorney's Fees

In its request for attorney's fees, TruServ has submitted exhibits and a detailed affidavit which set forth the hours spent and rates the attorneys charged in this litigation. Pl.'s Ex. B. Based on these exhibits, TruServ contends that the

appropriate amount of attorney's fees that it should be awarded totals $58,339.50. Defendants maintain that TruServ's request is unreasonable and that TruServ is entitled to attorney's fees of no more than $16,000.

The Seventh Circuit Court of Appeals has stated that a request for attorney's fees "can turn a simple civil case into two or even more cases--the case on the merits, the case for fees, the case for fees on appeal, the case for fees proving fees, and so on ad infinitum, or at least ad nauseam." *See Divane v. Krull Electric Co.*, 319 F.3d 307, 314, (7th Cir. 2003)(quoting *Ustrak v. Fairman*, 851 F.2d 983, 987 (7th Cir. 1988). In determining whether to grant a request for attorney's fees to a prevailing party, Illinois Courts have applied the factors set forth by the United States Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 434-37 (1983). *Cannon v. William Chevrolet/GEO, INC.*, 794 N.E.2d 843, 852-855, (2003); *Cress v. Recreation Services*, 795 N.E.2d 817, 855-56, (2003). In *Hensley*, the Supreme Court instructs a court to determine the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. at 433. In addition, a court must decide whether the prevailing party's claims were separate and unrelated or whether they involved a "common core of facts" that were based on "related legal theories." *Id.* at 434-35. Ultimately, a court must examine the success of the litigation by considering the "results obtained," and where it is established that a

prevailing party has obtained "excellent results, his attorney should recover a fully compensatory fee." *Id.*

In the instant case, the claims of TruServ all involved the same common core of facts and are based on the same legal theories. Namely, that Flegles breached the Member Agreement and that Flegles and Ms. Flegle were liable to TruServ as a result of that breach. Additionally, TruServ's litigation was successful inasmuch as TruServ established its claims for breach of contract and breach of personal guaranties. Further, we find that based on the nature of this case and the experience of the attorneys involved, the hourly attorney rates that TruServ was charged, as manifested in the affidavit of attorney David J. Chizewer, are reasonable.

We note that when TruServ filed its motion for summary judgment on March 22, 2004, TruServ's Rule 56.1 Statements reflected that its request for attorney's fees was $43,922.00. Pl.'s Ex. A. TruServ's latest request maintains that its attorney's fees have increased to $58,339.50. The increased request of attorney's fees by TruServ appears to be based on hours related to the filing of TruServ's reply brief in support of its motion for summary judgment and for the additional briefing on damages. However, the court notes that the additional briefing relating to damages was ordered by the court due to the insufficient briefing on that issue by the parties at the summary judgment motion stage. Given the above facts, a request for

an increase in attorney's fees with respect to the additional briefing on damages would not be reasonable. Accordingly, we find that TruServ's earlier request of $43,922.00 should only increase by $6,452.50 to account for the attorney's fees charged after March 22, 2004 that relate to the hours spent preparing for the filing of TruServ's reply brief in support of its motion for summary judgment. Therefore, TruServ is entitled to $50,374.50 in attorney's fees which we find to be reasonable.

### C. Costs

In its request for costs, TruServ has submitted exhibits and a detailed affidavit which itemizes all of the costs and expenses TruServ has incurred in this litigation. TruServ contends that the appropriate amount of costs totals $10,879.72. Defendants contend that TruServ's request is unreasonable and that their own counsel has incurred a legal cost for less than that requested by TruServ. We disagree. Based upon the facts and the costs TruServ has incurred, we cannot find that TruServ's request is unreasonable. Therefore, this court finds that TruServ is entitled to $10,879.72 in costs.

### III. Set-Offs

Defendants argue that Flegles is entitled to a set-off for any TruServ stock it

9

owns. Specifically, Defendants request that a specific amount in TruServ stock that Flegles owns be set-off and deducted from the amount of judgment entered by this court. However, Defendants' request is without merit. Defendants have failed to establish how, under the terms of the Member Agreement, they are entitled to an immediate set-off in this judgment of any TruServ stock it owns. The Member Agreement provides that TruServ:

"...shall have a lien on and a right of setoff against any stocks or notes..."

Pl.'s Ex. A. In addition, we note that Defendants themselves have attached to their Memorandum in Opposition to TruServ's Request for Damages ("Opposition") a document dated August 12, 2004 from TruServ to Flegles, which provides in part:

> "Upon redemption of Flegles' stock, TruServ will issue a five-year note payable in the amount of $20,153.34. Flegles will receive notice of issuance of that note by August 31, 2004, with the first payment of principal and interest on December 31, 2004."

Opposition at Ex. 2. TruServ has indicated that it will issue Flegles a five-year note payable in the amount of $20,153.34 based on Flegles current Securities Account with TruServ. *Id.* Therefore, we find that Defendants have failed to establish that Flegles is entitled to any set-off in this litigation for any TruServ stock it owns.

## CONCLUSION

Therefore, based on the forgoing, we rule in favor of TruServ against

10

Defendants and award $77,149.27 in damages, $5,143.28 in prejudgment interest, $50,374.50 in attorney's fees, and $10, 879.72 in costs, totaling $143,546.77.


                                                    _____
                                                    Samuel Der-Yeghiayan
                                                    United States District Court Judge


Dated:   September 28, 2004